UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN R. GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-20-2790 |
| | § | |
| AKYA TREECE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

John R. Gray, representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice Parole Supervisor Akya Treece. (Docket Entry No. 1). Gray alleges that Treece has kept him in TDCJ custody after his permanent discharge date and that she has required him to live in a halfway house that is detrimental to his health. (*Id.* at 4-9). Gray seeks both monetary and injunctive relief. (*Id.*). The court ordered Treece to respond, and Treece filed a motion to dismiss Gray's complaint. (Docket Entry Nos. 4, 14). Gray filed a response to the motion. (Docket Entry No. 41). Because Gray's complaint does not allege actionable § 1983 claims against Treece, the court dismisses the case with prejudice. The reasons for this ruling are explained below.

**I.  Background**

Unless otherwise indicated, the facts in this section are taken from Gray's complaint. Gray alleges that since August 2019, Treece and others acting with her have "been fully aware of [Gray's] entitlement to immediate permanent discharge or release from TDCJ custody" but have refused to release him. (Docket Entry No. 1, at 4). Gray seeks a permanent injunction against Treece "in her official capacity" concerning his claim for his immediate release. (*Id.* at 4, 8).

Gray also alleges that in September and October 2019, while he was living at the Ben Reid Halfway House, he developed pneumonia as a result of breathing second-hand smoke from "illegal K-2 substances, crack cocaine, and smoking tobacco." (*Id.* at 5, 8). He alleges that Treece knew of the smoking and drug use at the Ben Reid facility and "knew or should have known" about his medical condition. (*Id.* at 5-6).

At some point after this medical incident, Gray was released from the Ben Reid facility and allowed to continue to serve his parole at his home. But on June 18, 2020, a parole officer came to Gray's home and ordered him to return to the Ben Reid facility. (*Id.* at 6). Gray called and "left verbal messages [for] several agents of Treece," reporting that he had contracted the COVID-19 virus. (*Id.* at 7). He also texted that information to another parole officer's cell phone. (*Id.*) Despite these reports, Treece obtained a "blue warrant" on June 25, 2020, for Gray's arrest and return to the Ben Reid facility. (*Id.* at 6-7). Gray alleges that Treece "has the official power to correct or prevent the ongoing unconstitutional conditions" at the Ben Reid facility, but she has refused to do so. (*Id.* at 8). He also alleged that Treece could assign him to a smoke-free residential facility but has refused to do so. (*Id.*). Gray seeks an injunction to protect him from "imminent bodily injury" caused by Treece or any parole agent "under her parole supervision authority." (*Id.* at 9). He also seeks punitive damages against Treece "for acts committed in her individual capacity, committed by personal discretion and not dictated by written parole policy." (*Id.*).

Treece filed a motion to dismiss Gray's claims against her under Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that sovereign immunity bars the claims against her in her official capacity. (Docket Entry No. 14, p. 1-2). She also moves to dismiss Gray's remaining claims against her under Rule 12(b)(6), on the basis that he has failed to state an actionable § 1983 claim. (*Id.* at 2-5).

## II.     The Legal Standards

A motion to dismiss under Rule 12(b)(1) is properly granted when the plaintiff lacks standing or when the claims alleged are barred by a state's sovereign immunity. *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009), and *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005)). "When a Rule 12(b)(1) challenge is raised alongside other Rule 12 challenges, the court should address the Rule 12(b)(1) issues before reaching the merits." *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(6) is properly granted when the plaintiff's complaint fails to state a claim upon which relief can be granted. A court reviewing a Rule 12(b)(6) motion must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (internal quotation marks and citation omitted). "However, the plaintiff must plead specific facts, not mere conclusory allegations to state a claim for relief that is facially plausible." *Id.* (internal quotation marks and citation omitted). To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

Because Gray is representing himself, the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419,

3

421 (5th Cir. 2013)). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

**III.    Analysis**

    **A.    The Official-Capacity Claims**

Treece moves to dismiss the claims against her in her official capacity under sovereign immunity. That doctrine bars actions against a state or state official unless Congress has abrogated the immunity or the state has specifically waived it. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983, *see id.*, and the State of Texas has not waived its immunity for § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Putnam v. Iverson*, No. 14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App. − Houston [14th Dist.] Aug. 14, 2014, pet. denied) (reiterating that the Texas Legislature has not waived sovereign immunity for claims brought under § 1983).

The fact that Gray has sued a state employee, rather than the state itself, does not change this analysis. When a government employee is sued in his or her official capacity, the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity") (citations omitted). Gray's claims against Treece in her official capacity are construed as

4

claims against the State of Texas and are barred by sovereign immunity. Gray's claims against Treece in her official capacity are dismissed under Rule 12(b)(1).

### B. The Individual-Capacity Claims

Treece moves to dismiss the claims against her in her individual or personal capacity for failure to state an actionable § 1983 claim. She contends that Gray's claim for immediate release is not cognizable in a civil rights action and that his allegations of deliberate indifference to his medical condition are legally insufficient.

#### 1. Challenge to continued confinement

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973)). Instead, an inmate challenging the fact or duration of his confinement must seek either state relief or federal habeas corpus relief. *Id.* Further, if a § 1983 action seeks "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Gray's claim against Treece based on her alleged refusal to release him from TDCJ custody is a collateral attack on the duration of his sentence for which he seeks money damages and injunctive relief. But Gray has not alleged that his sentence has been reversed, expunged, declared invalid, or called into question through the issuance of a writ of habeas corpus. He is not entitled to relief under § 1983 for this claim, and his complaint is dismissed under Rule 12(b)(6).

5

### 2. Supervisory liability

Gray also claims that Treece displayed deliberate indifference to his medical needs by requiring him to serve his parole at the Ben Reid facility, but he does not sufficiently allege that Treece was personally involved in any of the decisions he challenges. Government officials may not be held liable for the constitutional violations of their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Instead, a supervisory official is liable under § 1983 only for his own misconduct and only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). Each of these elements requires the plaintiff to prove that the defendant was personally involved in the acts that resulted in the injury. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a [42 U.S.C. § 1983] cause of action."); *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). To state a valid claim, "[t]he plaintiff 'must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" *Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)).

Gray does not meet this standard. Gray does not allege facts showing that Treece was personally involved in running the Ben Reid Halfway House or that she knew that any alleged illegal and improper acts were occurring there. He alleges that Treece "knew or should have known" about his medical condition, (Docket Entry No. 1, at 5-6), but he alleges no facts to establish that Treece had personal knowledge of his medical condition—whatever it may have been. Gray also alleges that Treece "knew or should have known" about his COVID-19 diagnosis, but the facts show only that he left messages for "several agents of Treece" and that he texted the

6

information to a different parole officer. (*Id.* at 7). In short, none of the facts Gray alleges show that Treece had personal knowledge of his medical condition and acted with deliberate indifference to that condition by assigning him to the Ben Reid facility. Because Gray does not allege facts sufficient to establish a basis for Treece's personal liability, his claims against Treece in her individual capacity are dismissed under Rule 12(b)(6).

## IV. Conclusion and Order

Treece's motion to dismiss, (Docket Entry No. 14), is granted. Gray's complaint is dismissed with prejudice.

SIGNED on June 8, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge