UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN R. GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-20-2790 |
| | § | |
| AKYA TREECE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PENDING MOTIONS**

John R. Gray, representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice Parole Supervisor Akya Treece alleging that Treece has kept him in TDCJ custody after his permanent discharge date and that she has required him to live in a halfway house that is detrimental to his health. Gray seeks both monetary and injunctive relief.

On October 23, 2020, Gray filed a motion asking the court to order the U.S. Marshal's Service to serve the summons and complaint on Treece. (Docket Entry No. 12). However, on November 9, 2020, Gray provided this court with proof of service of the summons and complaint on Treece. (Docket Entry No. 15). Gray's motion, (Docket Entry No. 12), is denied as moot.

On November 10, 2020, Gray filed a renewed motion for bail, asking the court to release him from TDCJ custody on "federal bail." (Docket Entry No. 13). The court had previously denied Gray's motion for release on bond, (Docket Entry No. 8), noting that a federal court has no authority to order the release of a state prisoner who has not filed a petition for writ of habeas corpus pending the conclusion of his litigation. (Docket Entry No. 9). In his renewed motion, Gray again offers no authority that would permit this court to release him to bail. Further, in light

of the court's order dismissing Gray's complaint against Treece, the renewed motion for release on bail, (Docket Entry No. 13), is denied as moot.

Finally, on May 21, 2021, Gray filed a motion for a temporary restraining order and preliminary injunction, asking this court to order Treece to allow Gray to serve the remainder of his parole at home rather than at the Ben Reid Halfway House. (Docket Entry No. 40). Gray provides no authority that would allow a federal court to instruct TDCJ on where a state inmate must, or must not, serve his state parole. Further, in light of the court's order dismissing Gray's complaint against Treece, the motion for temporary restraining order and permanent injunction, (Docket Entry No. 40), is denied as moot.

SIGNED on June 8, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge